

BRYAN MARACLE,

                Plaintiff,

vs.

NewRez LLC d/b/a Shellpoint Mortgage Servicing

NMLS ID #3013,

                Defendants.

CASE NO. TBD

3:26-cv-00029

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

(JURY TRIAL DEMANDED)

## I. INTRODUCTION

1. Plaintiff brings this action against Shellpoint Mortgage Servicing for violations of federal and state mortgage servicing laws, including:

   i) The Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605

   ii) The Truth in Lending Act (TILA), 15 U.S.C. § 1641(f)

   iii) The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2

   iv) The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

   v) The Alaska Unfair Trade Practices and Consumer Protection Act (UTPCPA), AS 45.50.471 et seq.

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

2. Plaintiff seeks declaratory relief, cancellation of the underlying debt obligation, statutory and actual damages, punitive damages, attorneys' fees, and injunctive relief.

3. This is an action to redress systemic mortgage servicing violations resulting in the breakdown of legal servicing obligations, unlawful debt collection, and the enforcement of a lien against a zero-value, structurally impaired property while insurance and litigation claims remain unresolved.

## II. NATURE OF THE ACTION

4. This is an action to halt unlawful debt servicing and enforce borrower rights under federal and Alaska law. Plaintiff seeks cancellation of a debt that is unenforceable due to Defendant's statutory violations, misrepresentation, and refusal to validate ownership or servicing authority.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States.

6. Supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in Anchorage, Alaska, and the property at issue is located within this District.

## IV. PARTIES

8. Plaintiff BRYAN MARACLE is a natural person and resident of Anchorage, Alaska. He is the borrower and mortgagor of

COMPLAINT
NMLS ID #3013 SERVICING
Maracle vs NMLS ID #3013    Case# TBD    FILED 2026.01.16    Page 2 of 14
Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 2 of 14

the loan referenced herein and resides at the subject property: 4720 Grumman Street, Anchorage, AK 99507.

9. Defendant NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING is a Delaware limited liability company and mortgage loan servicer. Defendant conducts business nationwide and regularly engages in the servicing of federally related mortgage loans. Its NMLS ID is 3013.

10. Defendant may be served with process through its registered agent:

   i) Corporation Trust Company

   1209 Orange Street

   Wilmington, DE 19801

   (Registered agent for NewRez LLC in the State of Delaware)

## V. FACTUAL ALLEGATIONS

11. Plaintiff owns the property located at 4720 Grumman Street, Anchorage, Alaska, which is subject to a mortgage serviced by Defendant.

12. The property has sustained catastrophic foundation failure, rendering it structurally impaired and economically valueless. There are six active civil cases regarding the property Case No. 3AN-25-07056CI deals directly with the structural integrity of the property and additional cases (3AN-25-06002CI, 3AN-25-07056CI, 3AN-25-07059CI, 3AN-25-06502CI) regarding the homeowners association violations of the Duties of a Trustee and the Federal Fair Housing Act. These cases are currently pending in Alaska Superior Court.

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING    FILED 2026.01.16
Maracle vs NMLS ID #3013    Case# TBD    Page 3 of 14
Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 3 of 14

13. Plaintiff filed a claim under the HOA's State Farm insurance policy and recorded a Lis Pendens against the property.

14. Defendant has been served with repeated written communications, including:

   i) Mortgage Reprieve request June 02, 2025 notifying NewRez of the open litigation filed in April 2025.

   ii) Assistance and litigation update on June 19, 2025.

   iii) Litigation update and forbearance extension request August 11, 2025.

   iv) Litigation update and continued request for extension of forbearance on October 13, 2025.

   v) A Qualified Written Request (QWR) and Notice of Error (NOE) dated November 20, 2025

   vi) A follow-up Notice dated December 2, 2025

      (a) Reiterating the litigation and property impairment disclosures from October 2025 and;

      (b) Forbearance and modification requests from June through August 2025

15. Defendant failed to respond to any of the above with a compliant acknowledgment or substantive response.

16. Defendant continued to send automated form letters, including a 19-page loss mitigation packet dated November 24, 2025, that ignored the specific servicing disputes and disclosures raised.

17. Defendant also failed to suspend negative credit reporting during the dispute and has not disclosed the identity of the current loan owner or investor.

18. The current homeowner's insurance policy for the property, effective September 14, 2025 to September 14, 2026, lists NewRez LLC—not Shellpoint—as the mortgagee, evidencing further breakdown in the servicing chain and inaccurate public records.

19. Defendant has continued to demand payment and issue collection notices despite lacking standing, violating borrower rights, and ignoring federal servicing rules.

20. As of the date of filing, Defendant has neither validated the debt nor lawfully substantiated its authority to collect, service, or enforce the mortgage obligation.

21. Final notice prior to litigation was sent on January 05, 2026.

## VI. CAUSES OF ACTION

22. **Count I** – Violation of RESPA, (12 U.S.C. § 2605(e))

    i) Plaintiff realleges and incorporates all preceding paragraphs.

    ii) Defendant failed to acknowledge and respond to Plaintiff's QWR within the timeframes required under RESPA.

    iii) Defendant's failure to investigate, correct errors, and provide requested servicing information constitutes a violation of;

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

(a) 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.35-.36.

iv) Defendant's conduct is part of a pattern and practice of noncompliance with servicing obligations under RESPA and Regulation X, entitling Plaintiff to enhanced statutory damages under 12 U.S.C. § 2605(f)(1)(B).

   (a) This conduct also violates the CFPB's RESPA Servicing Rule Interpretive Guidance, which affirms that servicers must provide timely, substantive responses to all Notices of Error and QWRs

v) Plaintiff is entitled to actual damages and statutory damages under § 2605(f), along with attorneys' fees and costs.

   (a) Further, Plaintiff reserves the right to submit this matter to the Consumer Financial Protection Bureau (CFPB) for enforcement referral, consistent with the CFPB's statutory authority to investigate systemic violations of RESPA and Regulation X.

23. **Count II** - Violation of TILA, (15 U.S.C. § 1641(f))

   i) Defendant failed to identify, upon written request, the name and contact information of the current owner or assignee of the loan, in violation of TILA.

   ii) As a result, Plaintiff's credit report has reflected inaccurate delinquency data, causing reputational damage, credit harm, and ongoing financial impairment.

   iii) Plaintiff is entitled to statutory damages and rescission where appropriate under 15 U.S.C. § 1640.

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

**COMPLAINT**
**NMLS ID #3013 SERVICING**
Maracle vs NMLS ID #3013

FILED 2026.01.16
Case# TBD

Page 6 of 14

Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 6 of 14

24. **Count III** – Violation of FCRA. (15 U.S.C. § 1681s-2)

   i) Defendant continued negative credit reporting during an active QWR/NOE dispute without noting the dispute or investigating the accuracy of the account status.

   ii) This conduct violates 15 U.S.C. § 1681s-2(a)(3) and (b), and entitles Plaintiff to statutory and actual damages.

   (a) The reporting of disputed information during an open Qualified Written Request period without conducting an investigation or marking the account as disputed violates 15 U.S.C. § 1681s-2(b), for which a private right of action is permitted following notice to a consumer reporting agency.

   (b) Defendant continued furnishing inaccurate credit information despite receiving multiple formal notices from Plaintiff and having reason to know the dispute was also communicated to a consumer reporting agency, satisfying the precondition for a private right of action under 15 U.S.C. § 1681i(a)(2).

25. **Count IV** – Violation of FDCPA. (15 U.S.C. § 1692 et seq.)

   i) If Defendant acquired servicing rights after the loan was in default, it qualifies as a "debt collector."

   ii) Despite multiple formal disputes and notices of error, Defendant continued issuing automated payment demands, threats of negative reporting, and failed to validate the debt as required.

COMPLAINT
NMLS ID #3013 SERVICING
Maracle vs NMLS ID #3013
FILED 2026.01.16
Case# TBD
Page 7 of 14
Case 3:26-cv-00029-SLG   Document 1   Filed 01/16/26   Page 7 of 14

iii) Defendant's continued collection efforts during dispute, failure to validate the debt, and misleading communications violate §§ 1692e, 1692f, and 1692g.

iv) Plaintiff is entitled to statutory damages under § 1692k.

26. **Count V** – Violation of Alaska Unfair Trade Practices Act. (AS 45.50.471 et seq.)

    i)  Defendant's conduct constitutes unfair, deceptive, and bad faith servicing in violation of Alaska law.

    ii) Defendant ignored repeated communications, misrepresented loan status, and continued to collect unlawfully.

       (a) See, e.g., State v. O'Neill Investigations, Inc., 609 P.2d 520, 528-29 (Alaska 1980) (recognizing broad injunctive and compensatory relief under the UTPCPA for unfair trade practices affecting Alaskan consumers).

    iii) Plaintiff is entitled to treble damages, injunctive relief, and attorneys' fees.

    iv) Pursuant to AS 45.50.531(a) and (b), Plaintiff is entitled to actual damages, equitable relief including cancellation of the obligation, treble damages for willful violations, and attorney's fees.

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING
Maracle vs NMLS ID #3013    FILED 2026.01.16    Case# TBD    Page 8 of 14

Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 8 of 14

## VII. PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant and grant the following relief:

   i) Declaratory judgment that Defendant lacks standing to enforce the loan;

   (a) including for lack of proof of lawful servicing rights or investor authorization.

   (b) To date, Defendant has not disclosed nor substantiated the name, identity, or authorization of the current loan owner or investor, as required by 15 U.S.C. § 1641(f) and 12 C.F.R. § 1024.36(d)(1). This failure renders Defendant's legal standing to enforce the obligation defective under federal and Alaska law.

   (c) Defendant's failure to substantiate servicing authority or investor assignment also constitutes a procedural defect under Rule 17(a), precluding enforcement until real party in interest is identified.

   ii) Cancellation or rescission of the mortgage obligation;

   (a) Under Alaska law, equitable relief such as cancellation or reformation of a mortgage is appropriate where enforcement would be unconscionable or contrary to public policy."

   (i) See, e.g., Mattingly v. Sheldon Jackson Coll., 743 P.2d 356, 359 (Alaska 1987).

   iii) Statutory damages under RESPA, TILA, FCRA, and FDCPA;

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 — bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING
Maracle vs NMLS ID #3013    FILED 2026.01.16    Case# TBD    Page 9 of 14

Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 9 of 14

iv) Actual damages, including emotional distress, litigation costs, and impairment to credit;

v) Punitive damages for egregious bad faith and deceptive practices;

vi) Injunctive relief halting collection, reporting, and enforcement actions;

vii) Reasonable attorneys' fees and costs pursuant to statute;

viii) Any further relief as the Court deems just and proper.

ix) Any equitable, declaratory, injunctive, or monetary relief available under federal statute, Alaska law, or common law to redress Defendant's unlawful servicing and enforcement conduct.

## VIII. JURY DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## IX. LIST OF EXHIBITS

29. **Exhibit A** – Qualified Written Request and Notice of Error

    i) Dated: November 20, 2025

    ii) Formal QWR and NOE submitted to Shellpoint Mortgage Servicing pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35-36, identifying active litigation, property impairment, and demanding servicing disclosures.

    iii) UID [Bates number]. SHL.01

30. **Exhibit B** – Follow-Up Legal Notice (Notice #2)

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING       FILED 2026.01.16
Maracle vs NMLS ID #3013      Case# TBD        Page 10 of 14

i)  Dated: December 2, 2025

ii) Second statutory notice reiterating legal violations and Shellpoint's failure to respond;

   (a) identifies auto-generated letter as deficient under RESPA and Regulation X.

iii) UID [Bates Number]. SHL.02

31. **Exhibit C** – Shellpoint Auto-Mailer

   i)  Dated: November 24, 2025

   ii) 19-page generic loss mitigation packet sent in response to formal QWR; fails to address borrower's claims, disclosures, or requests for information.

   iii) UID [Bates Number]. SHL.03

32. **Exhibit D** – Homeowner's Insurance Policy Declaration

   i)  Issued: July 23, 2025 (Effective: September 14, 2025 – September 14, 2026)

   ii) Policy issued by State Farm listing NewRez LLC (not Shellpoint) as mortgagee; evidences failure to maintain accurate servicing or insurance records.

   iii) UID [Bates Number]. SHL.04

33. **Exhibit E** – Property Status and Litigation Update

   i)  Dated: October 13, 2025

   ii) Borrower notice to Shellpoint identifying pending litigation (Case No. 3AN-25-07056CI), structural

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING        FILED 2026.01.16
Maracle vs NMLS ID #3013       Case# TBD            Page 11 of 14

Case 3:26-cv-00029-SLG   Document 1   Filed 01/16/26   Page 11 of 14

failure, foundation damage, and economic total loss of the property.

   iii) UID [Bates Number]. SHL.05

34. **Exhibit F** – HOA Insurance Claim Submission

   i)   Dated: October 27, 2025

   ii)  Formal claim filed with State Farm under the HOA's policy; establishes active insurance action related to structural loss and habitability impairment.

   iii) UID [Bates Number]. SHL.06

35. **Exhibit G** – Forbearance Extension Request

   i)   Dated: August 11, 2025

   ii)  Request for continued forbearance due to zero-value status of the property and delays associated with HOA and insurer misconduct.

   iii) UID [Bates Number]. SHL.07

36. **Exhibit H** – Original Mortgage Reprieve Request to NewRez

   i)   Dated: June 2, 2025

   ii)  Correspondence to prior servicer NewRez LLC requesting relief based on catastrophic structural conditions and anticipated litigation.

   iii) UID [Bates Number]. SHL.08

37. **Exhibit I** – Shellpoint Mortgage Modification Offer

   i)   Dated: October 13, 2025

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING
Maracle vs NMLS ID #3013          FILED 2026.01.16
                                  Case# TBD              Page 12 of 14

Case 3:26-cv-00029-SLG   Document 1   Filed 01/16/26   Page 12 of 14

ii) Proposed modification letter offering adjusted terms without acknowledgment of pending litigation, impairment disclosures, or prior hardship filings.

iii) UID [Bates Number]. SHL.09

38. **Exhibit J** – Rejection of Modification Offer and Litigation Clarification

   i) Dated: October 27, 2025

   ii) Borrower letter declining modification and reiterating active legal action, claim submission, and property condition.

   iii) UID [Bates Number]. SHL.10

39. **Exhibit K** – Final Notice Prior to Litigation

   i) Dated: January 05, 2026

   ii) Final notice to correct bad faith servicing prior to litigation.

   iii) UID [Bates Number]. SHL.11

Respectfully Submitted,

2026.01.16                          By: /s/Bryan Maracle
DATED                                    Bryan Maracle

Bryan Maracle | Pro Se
4720 Grumman St. Anchorage AK 99507
907.750.6789 | bryan@skytribe.net

COMPLAINT
NMLS ID #3013 SERVICING     FILED 2026.01.16
Maracle vs NMLS ID #3013     Case# TBD     Page 13 of 14

Case 3:26-cv-00029-SLG    Document 1    Filed 01/16/26    Page 13 of 14

EXHIBIT A-K COVER SHEET