# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BRYAN MARACLE,

          Plaintiff,

    v.

NEWREZ, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

          Defendant.

Case No. 3:26-cv-00029-SLG

## ORDER ON PENDING MOTIONS

Before the Court at Docket 6 is Plaintiff Bryan Maracle's Request for Entry of Default. Also before the Court at Docket 8 is Mr. Maracle's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. The Court addresses each in turn.

### I. Request for Entry of Default

Mr. Maracle requests that the Clerk of Court enter default against Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), the sole named Defendant in this case. Mr. Maracle initiated this action by filing his Complaint on January 16, 2026.[1] On February 13, 2026, Mr. Maracle filed a document titled "Proof of Service, which stated that the summons "was served to the Defendant[']s listed Registered Agent by Certified Restricted mail."[2] With that document, Mr.

---

[1] Docket 1.

[2] Docket 5 at 1. The filing did not indicate that a copy of the Complaint was also served with the summons. *Cf.* Rule 4(c)(1), Federal Rules of Civil Procedure ("A summons must be served with

Maracle filed a copy of a USPS certified receipt (a green card) indicating that Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801, received a document on January 28, 2026.[3] The green card did not have the box checked for restricted delivery. In his request for entry of default, Mr. Maracle asserts that "[s]ervice was made pursuant to Fed. R. Civ. P. 4(h)(1)(B) through Defendant's registered agent."[4]

Before entering a default, a court must first "assess the adequacy of service of process on the party against whom default is requested." [5] Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), to serve a business entity, a copy of the summons and the complaint must be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." It is insufficient to mail the summons and complaint addressed to the limited liability company or to its registered agent, as Rule 4(h)(1)(B) does not provide for service by mail.[6] Therefore, Plaintiff has failed to show proof of service on Defendant pursuant to that rule has been made.

Alternatively, Federal Rule of Civil Procedure 4(h)(1)(A) provides that

---

a copy of the complaint.").

[3] Docket 5 at 2.

[4] Docket 6 at 1.

[5] *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).

[6] *See Schauf v. Am. Airlines*, Case No. 1:15-CV-01172-SKO, 2015 WL 5647343, at *4 (E.D. Cal. Sept. 24, 2015); *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting that certified mail does not constitute "delivering" under Rule 4).

service may be effectuated on a business entity in any manner prescribed for the service of individuals under Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1) allows service to be made in accordance with any method authorized by state law—here, the service rules of the State of Alaska. Alaska Rule of Civil Procedure 4(h) provides that "process may . . . be served . . . by registered or certified mail, with return receipt requested, . . . upon a corporation[.]" "In such case, copies of the summons and complaint or other process shall be mailed for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail."[7] Here, it appears that Mr. Maracle mailed the summons to a Corporation Trust Company in Delaware.[8] However, according to the Alaska Division of Corporations Database, NewRez's registered agent in the State of Alaska is Corporation Service Company, 8585 OLD DAIRY RD STE 208, JUNEAU, AK 99801.[9] Mr. Maracle has not submitted proof of service that he served the summons and a copy of the Complaint in accordance with Rule 4 of the Alaska Rules of Civil Procedure.

Accordingly, the request for entry of default at Docket 6 is DENIED without prejudice to a renewed motion upon a showing of service of process that complies with Rule 4 of the Federal Rules of Civil Procedure. Further, pursuant to Rule 4(m),

---

[7] Alaska R.Civ.P. 4(h).

[8] Docket 6 at 1-2.

[9] NewRez LLC, Alaska Division of Corporations, Corporations Database, https://www.commerce.alaska.gov/cbp/main/Search/Entities.

Case No.3:26-cv-00029-SLG, *Maracle v. NewRez, LLC*
Order on Pending Motions
Page 3 of 4
Case 3:26-cv-00029-SLG   Document 11   Filed 04/17/26   Page 3 of 4

service is to be completed "within 90 days after the complaint is filed," or by April 16, 2026 in this case. However, the Court will extend that deadline for an additional thirty days to **May 18, 2026**, given Mr. Maracle's efforts to try to effect service on Defendant promptly after filing this action.  Plaintiff may wish to hire a process server to ensure that service of process complies with Rule 4.

## II. Motion for Temporary Restraining Order and Preliminary Injunction

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Under Rule 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party, but only if "specific facts . . . show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Here, Mr. Maracle specifically states that he "does not seek ex parte relief"[10] and does not assert that he has met the standard for such relief under Rule 65(b)(1). Accordingly, the motion for a temporary restraining order and preliminary injunction at Docket 8 is DENIED without prejudice to a renewed motion upon a showing of sufficient service of process of the summons and copy of the Complaint upon Defendant.

IT IS SO ORDERED this 17th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[10] Docket 8 at 8.